IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELETRICA F. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2577-N-BN |
| | § | |
| DALLAS HOUSING AUTHORITY, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO ABATE AND REQUIRING STATUS REPORT**

Plaintiff Deletrica F. Johnson filed this lawsuit *pro se* in a Dallas County state court, alleging, among other things, a claim under 42 U.S.C. § 1983 because Defendant Dallas Housing Authority ("DHA") "unconstitutionally deprived Plaintiff of a protected property interest without due process of law" and that Defendant, LXD-WSC, LLC d/b/a Wilson Crossing ("Wilson Crossing") "engaged in false, misleading, and unconscionable business practices" under the Texas Deceptive Trade Practices Act ("DTPA"). Dkt. No. 1-1 at 8 & 10.

DHA, with Wilson Crossing's consent, removed Johnson's lawsuit under the Court's federal-question subject-matter jurisdiction. *See* Dkt. No. 1.

And Senior United States District Judge David C. Godbey referred the removed action to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference.

Wilson Crossing then moved to abate this action [Dkt. No. 6] because Johnson failed to provide it proper pre-suit notice as required under the DTPA. *See* TEX. BUS.

& COM. CODE § 17.505; *see, e.g.*, *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 825-26 (N.D. Tex. 2001); *Franklin v. Apple, Inc.*, 569 F. Supp. 3d 465, 482-84 (E.D. Tex. 2021).

Johnson then failed to file a response by September 1, 2026, as the Court ordered. *See* Dkt. Nos. 7 & 9.

Insofar as Johnson brings claims under the DTPA, she

> must comply with all substantive provisions of it, including its notice provision. *See Hines v. Hash*, 843 S.W.2d 464, 467 (Tex. 1992) ("The notice requirement of the DTPA is clearly mandatory."). Notably, section 17.505 of the DTPA requires, "[a]s a prerequisite to filing a suit seeking damages" under the statute, that
>
> > a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.
>
> TEX. BUS. & COM. CODE § 17.505(a).

*Franklin*, 569 F. Supp. 3d at 482 (cleaned up).

"Texas courts interpreting the … the [DTPA] have held that notice letters containing specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfies the notice requirement." *Early v. Union Sec. Ins. Co.*, No. 1:23-CV-00098, 2023 WL 4936719, at *2 (E.D. Tex. Apr. 27, 2023) (quoting *In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 10-11 (Tex. App. – Corpus Christi 2011, no pet.) (collecting cases)).

And "there are only two exceptions to the notice requirement, which are 1) the sixty days notice would be impracticable because the statute of limitations would run, or 2) the consumer's DTPA claim is asserted by way of counterclaim." *Franklin*, 569

F. Supp. 3d at 482 (E.D. Tex. 2021) (quoting TEX. BUS. & COM. CODE § 17.505).

But Johnson has not shown that either applies.

And, so, the Court cannot find that it would be futile to abate this entire case at this time under the DTPA. *Cf. Greco v. Jones*, 38 F. Supp. 790, 800 (N.D. Tex. 2014) ("The NFL argues that, to the extent not dismissed, Plaintiffs' DTPA claims must be abated for Plaintiffs' failure to provide adequate notice to the NFL. The Court agrees. Plaintiffs provided to the NFL four notice letters on behalf of each category of Plaintiffs. These letters fail to provide specific damages information as to any one Plaintiff and thus fail to satisfy the DTPA notice requirements…. Plaintiffs' surviving DTPA claims are therefore abated until the 60th day after the Obstructed View Plaintiffs serve notice in compliance with § 17.505(a).").

The Court therefore GRANTS Wilson Crossing's motion [Dkt. No. 6] and ABATES this action in its entirety until the 60th day after Johnson provides Wilson Crossing with notice in compliance with Section 17.505(a).

And, so, the Court takes no action on the pending report under Federal Rule of Civil Procedure 26(f) [Dkt. No. 8] and instead ORDERS Wilson Crossing to file a status report by **November 23, 2026** to update the Court as to whether the case should be reinstated.

And the Court WARNS Johnson that her failure to serve notice in compliance with Section 17.505(a) is now preventing this lawsuit from proceeding and that, if she fails to cure this defect as her DTPA claim, in which case this action will remain abated, her lawsuit is subject to dismissal without prejudice under Federal Rule of

Civil Procedure 41(b) for failure to prosecute. *Cf. Clark v. Wells Fargo Home Mortg.*, No. 3:14-cv-2933-L, 2014 WL 5297723, at *2 (N.D. Tex. Oct. 16, 2014) ("Plaintiffs' failure to provide any notice whatsoever to Defendant … will result in dismissal without prejudice of their DTPA claim pursuant to Federal Rule of Civil Procedure 41(b). If, on the other hand, Plaintiffs provide Defendant with notice, but Defendant contends, and the court determines, that the notice given by Plaintiffs is deficient, the abatement of the case will continue until sixty days after notice is provided in accordance with this order and section 17.505(a)." (cleaned up)).

SO ORDERED.

DATED: September 23, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE